UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 1:18-CV-08480 |
| Plaintiff, | |
| - against- | |
| SEAWORLD ENTERTAINMENT AND JAMES ATCHISON, | ECF CASE |
| Defendants. | |

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 1:18-CV-08482 |
| Plaintiff, | |
| - against- | |
| FREDERICK D. JACOBS, | ECF CASE |
| Defendant. | |

**ORDER ESTABLISHING A FAIR FUND, APPOINTING A TAX ADMINISTRATOR AND DISTRIBUTION AGENT, AND AUTHORIZING PAYMENT OF ADMINISTRATIVE FEES AND EXPENSES AND TAX OBLIGATIONS**

The Court, having reviewed the Motion of Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") for an Order: (1) establishing a Fair Fund; (2) appointing Miller Kaplan Arase LLP ("Miller Kaplan") as tax administrator ("Tax Administrator"); (3) appointing JND Legal Administration ("JND") as distribution agent ("Distribution Agent"); and (4) authorizing payment of tax obligations and administrative fees and expenses from the Fair Fund without further Court Order, and for good cause shown,

1



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/20

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. A Fair Fund is established, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002 [15U.S.C. § 7246(a)], as amended by the Dodd-Frank Act of 2010 [15 U.S.C. § 7246], for the $5,266,679.31 in funds collected from Defendants (the "Fair Fund").

3. Miller Kaplan Arase LLP is appointed as Tax Administrator ("Tax Administrator") to execute all income tax reporting requirements, including the preparation and filing of tax returns, for all funds under the Court's jurisdiction in this case.

4. Miller Kaplan Arase LLP shall be designated the Tax Administrator of the Fair Fund, pursuant to section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (i) obtaining a taxpayer identification number, (ii) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Fair Fund, and (iii) satisfying any information, reporting, or withholding requirements imposed on distributions from the Fair Fund, including but not limited to the Foreign Account Tax Compliance Act. Upon request, the Tax Administrator shall provide copies of any filings to the SEC's counsel of record.

5. The Tax Administrator shall, at such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Fair Fund, submit a request to the SEC's counsel of record for payment from the Fair Fund of any tax obligations of the Fair Fund.

6. The Tax Administrator shall be entitled to charge reasonable fees and expenses for tax compliance services in accordance with its agreement with the Commission for Tax Years 2019-2021. The Tax Administrator shall, at such times as the Tax Administrator deems

appropriate, submit a request to the SEC's counsel of record for payment of fees and expenses from the Fair Fund.

7. The Commission is authorized to approve and arrange payment of all tax obligations owed by the Fair Fund and fees and expenses of the Tax Administrator directly from the Fair Fund without further order of this Court. The Tax Administrator will submit invoices of all fees and expenses incurred in connection with its respective duties to the Commission's counsel of record to review and, as appropriate, payment.

8. JND Legal Administration ("JND" or "Distribution Agent") is appointed to serve as the Distribution Agent of the Fair Fund in this matter, pursuant to the terms of a distribution plan to be approved by this Court (the "Plan"). JND shall coordinate with the Court-appointed Tax Administrator, Miller Kaplan Arase LLP, to ensure that the Fair Fund, a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, and regulated regulations, 26 C.F.R. §§ 1.468B-1 through 5, complies with all related legal and regulatory requirements, including but not limited to, satisfying any reporting or withholding requirements imposed on distribution from the QSF.

9. JND shall invoice all administrative fees and expenses incurred in the administration and distribution of the Fair Fund to the SEC for review and approval by the SEC. Any unresolved objections to an invoiced amount will be referred to the Court.

10. Within forty-five (45) days of the Court's approval of the Plan, JND will provide a status report, and thereafter, will provide additional reports and quarterly account statements within thirty (30) days after the end of every quarter. Moreover, once the Fair Fund has been transferred to an escrow account opened by JND as Distribution Agent, JND will include with its quarterly reports a quarterly accounting report in a format to be provided by the SEC. The status

report and quarterly accounting report will inform the Court and the SEC of the activities and status of the Fair Fund during the relevant period and will specify, at a minimum (a) the location of the account(s) comprising the Fair Fund; and (b) an interim accounting of all monies in the Fair Fund as of the most recent month-end, including the value of the account(S), all monies earned or received into the account(s), funds distributed to harmed investors under the Court – approved Plan, and any monies expended from the Fair Fund, including fees, expenses, and taxes incurred by, or imposed on, the Fair Fund.

11. Upon completing its duties as Distribution Agent, JND, working with the Court-appointed Tax Administrator, Miller Kaplan Arase LLP, will prepare a final report and final accounting for filing with the Court, in a format to be provided by the SEC.

12. JND may be removed *sua sponte* at any time by the Court or upon motion of the SEC and replaced with a successor. In the event JND decides to resign, it will first give written notice to the Court and to SEC staff of such intention, and the resignation, if permitted, will not be effective until the Court appoints a successor.

13. The Commission staff is authorized to approve and arrange payment of all future fees and expenses for services rendered by the Distribution Agent directly from the Fair Fund without further order of the Court. All such expenditures will be reflected in a quarterly and final accounting filed with the Court.

14. The Court will retain exclusive jurisdiction over the distribution, including, but not limited to, claims against the Distribution Agent and/or Tax Administrator asserting liability for violation of any duty imposed by the Plan or other Court order.

IT IS SO ORDERED.

Dated: December 13, 2020

_____
United States District Court Judge